UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMES DAVID ALLEN, II,

                Plaintiff,

    v.

BOAKYE ACHEAMPONG, *et al.*,

                Defendants.

Case No. C15-1072-TSZ-MAT

REPORT AND RECOMMENDATION

### INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff James Allen has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's second amended complaint, concludes that plaintiff has failed to state a claim upon which relief may be granted. This Court therefore recommends that plaintiff's second amended complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### BACKGROUND

On July 1, 2015, plaintiff submitted his original civil rights complaint to the Court for filing. (Dkt. 1.) He alleged therein that he was assaulted by officers at the Snohomish County

REPORT AND RECOMMENDATION - 1

Jail in January 2015, that he suffered severe injuries as a result of the assault, and that he was denied medical care for those injuries, all in violation of his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. (*See* Dkt. 9 at 3.) Plaintiff identified Snohomish County Jail officers Boakye Acheampong, Sean Sweeny, Brittani Gilfeather, Joshua Fox, Shari Sigh, Michael Perry, and Joshua Cook as defendants in his complaint. (*See id*. at 1-3.) Plaintiff also identified Snohomish County as a defendant in this action. (*Id*.)

After reviewing the complaint, this Court concluded that plaintiff had not stated any claim upon which relief could be granted. Thus, on August 21, 2015, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to file an amended complaint. (Dkt. 10.) Plaintiff was advised therein that his complaint was deficient because he had not alleged clear and specific facts demonstrating that each of the seven named jail officers personally participated in causing him harm of federal constitutional dimension. (*Id*. at 2-3.) Plaintiff was also advised that his complaint was deficient as to defendant Snohomish County because he failed to identify a policy or custom of the County that caused him harm of federal constitutional dimension. (*Id*. at 3.)

On September 17, 2015, plaintiff submitted an amended complaint to the Court for filing. (Dkt. 11.) In his amended pleading, plaintiff asserted generally that all of the named jail officers personally assaulted him, and that they all admitted this in their testimony at plaintiff's subsequent trial for custodial assault. (*See id*. at 3.) Plaintiff also appeared to assert in his amended pleading that he was denied medical care for injuries suffered as a result of the alleged assault, though he failed to connect that claim to any of the named defendants. (*Id*.) Finally, plaintiff asked that the statement of claim and request for relief set forth in his original complaint be incorporated into his amended complaint because he didn't have access to a copy of his

REPORT AND RECOMMENDATION - 2

original complaint for reference. (Dkt. 11 at 3.)

After reviewing plaintiff's amended pleading, this Court concluded that plaintiff had not adequately corrected the deficiencies identified by the Court in its Order declining to serve his original pleading. The Court also concluded, however, that plaintiff should be granted one final opportunity to submit a viable pleading. Accordingly, on October 2, 2015, this Court issued an Order declining to serve plaintiff's amended complaint and granting him leave to file a second amended complaint. (Dkt. 13.) Plaintiff was advised therein that his amended complaint was deficient because he failed to allege *specific* facts demonstrating that each of the named individual defendants personally participated in causing him harm, and he failed to identify any custom or policy of Snohomish County that caused him harm of federal constitutional dimension.[1] (*Id*. at 2-3.) Plaintiff was also advised that his amended complaint was deficient because he failed to identify the federal constitutional rights he believed had been violated by defendants' conduct. (*Id*. at 3.) Finally, plaintiff was advised that his attempt to incorporate by reference the statement of claim from his original complaint into his amended complaint did not cure the identified deficiencies because that statement was itself deficient. (*Id*.)

On October 28, 2015, plaintiff submitted a second amended complaint to the Court for filing. (*See* Dkt. 15.) A review of that pleading reveals that it is virtually identical to plaintiff's first amended complaint. (*See id*. and Dkt. 11.) In fact, it does not appear that plaintiff made any attempt whatsoever to address in his second amended complaint the deficiencies previously

---

[1] The Court noted in its Order that plaintiff had referenced County policy in the body of his amended complaint, but he failed to explain how he was harmed by the policy. The Court observed that plaintiff's claim appeared to be that the individual defendants did not follow County policy, a claim which did not subject the County to liability in an action brought under § 1983. *See Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691(1978) (a local government or municipality may be sued as a "person" under § 1983, but a municipality cannot be held liable solely because it employs a tortfeasor).

REPORT AND RECOMMENDATION - 3

identified by the Court.

DISCUSSION

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A defendant cannot be held liable under § 1983 solely on the basis of the individual's supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691-694 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385-90 (1989). A local government unit or municipality can be sued as a "person" under § 1983. *Monell*, 436 U.S. at 691. However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997), *citing Monell* 436 U.S. at 694.

Plaintiff was advised of the above standards, he was advised of the reasons his pleadings did not comport with these standards, and he was given two opportunities to file pleadings correcting specifically identified deficiencies. However, at no point has plaintiff submitted to the Court any pleading which adequately states a claim upon which relief can be granted in an action

REPORT AND RECOMMENDATION - 4

brought under § 1983.  Accordingly, this Court has no alternative but to recommend dismissal of this action.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's second amended complaint and this action be dismissed without prejudice, prior to service, under § 1915(e)(2)(B)(ii) for failure of plaintiff to state a claim upon which relief may be granted.  A proposed order accompanies this Report and Recommendation.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14) days** after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 4, 2015**.

DATED this 6th day of November 2015.

                                                    Mary Alice Theiler
                                                    United States Magistrate Judge

REPORT AND RECOMMENDATION - 5